IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GAIL HAHN, individually and on behalf of all other similarly situated California Residents,<br><br>       Plaintiff,<br><br>  v.<br><br>MASSAGE ENVY FRANCHISING, LLC, a Delaware Limited Liability Company,<br><br>       Defendant. | CIVIL ACTION FILE<br><br>NO. 1:14-CV-01454-RWS-GGB<br><br>Case Pending in the United States District Court for the Southern District of California<br>Case No. 3:12-cv-00153-DMS-BGS |

## **ORDER**

This case is before the Court on a motion to enforce discovery subpoenas. The Plaintiff, Gail Hahn, is bringing a class action lawsuit against Massage Envy Franchising, LLC, in the United States District Court for the Southern District of California. Late last year, Hahn served Fed.R.Civ.P. 45 discovery subpoenas on Roark Capital Group, Inc., an Atlanta-based venture capital firm that acquired Massage Envy in 2012. Roark objected to the subpoenas, and Hahn now seeks a court order compelling Roark's compliance. I held a hearing in this matter on July 8, 2014. Hahn's motion for oral argument (Doc. 15) is **GRANTED**.

After consideration of the parties' arguments, I agree with Roark that the documents sought by Hahn are not relevant to the claims or defenses being raised in the California litigation. I also conclude that Hahn should not be allowed to take the depositions of two high-ranking Roark executives. Hahn does not argue that those witnesses have unique knowledge of the facts of this case, and she already had an opportunity to question lower-ranking officers about all of the issues involved in this litigation. Hahn's motion to enforce the subpoenas (Doc. 1) is **DENIED**.

## I.   Background

Massage Envy is a franchisor of massage clinics located across the United States. Massage Envy's franchises use a membership model—each consumer who signs a membership agreement is entitled to one massage per month in exchange for a set monthly fee. If a member does not use a massage during a particular month, it rolls over and can be redeemed during future months. Massage Envy used to allow consumers to redeem these unused massages even after their memberships expired, but in 2005, the company changed course, inserting a new clause into its membership contracts that stated that any unused massage benefits expire upon cancellation or termination of membership. I will refer to that as the "unused-benefits clause."

Hahn represents a class of California consumers who used to have membership contracts with Massage Envy and who did not redeem all of their massages before their contracts ended. She contends that the unused-benefits clause violates California's Unfair Competition Law ("UCL"). (See generally Doc. 1, Exh. D, Complaint). Hahn now seeks to obtain third-party discovery from Roark, a venture capital firm which acquired Massage Envy in 2012.[1] Hahn wants to review any documents that Roark created or reviewed as part of its due diligence process, including documents describing Massage Envy's business model; minutes of any Massage Envy stockholders' or Board of Directors' meetings; reports by any of Massage Envy's outside auditors; and Massage Envy's responses to its auditors' reports. (See Doc. 1, Exh. A; Doc. 2, Restis Decl., Exh. 4). Hahn also has served deposition subpoenas on Ezra S. Field and David K. Lee, two senior executives at Roark Capital Management, LLC, who participated in Roark's acquisition of Massage Envy.

---

[1] Roark does not directly own Massage Envy; rather, Roark appears to indirectly control Massage Envy through a series of other corporate entities. (See generally Doc. 7, Aronson Decl.). I will ignore that complication for purposes of this order.

**II.     Discussion**

    **A.     Hahn's motion is timely.**

Roark argues that Hahn's motion to compel should be denied because it was filed after the close of discovery in the California litigation. Under the California District Court's scheduling order, discovery was to be completed by March of 2014. (See Doc. 8, Ricketts Decl., Ex. 8, Scheduling Ord. ¶ 2). Hahn served the subpoenas well in advance of that date, but she did not file her motion to enforce the subpoenas until April, one month after the discovery period closed. (See Doc. 1 and Exh. A). However, the District Court's scheduling order also set a date of May 16, 2014, for all motions, except for motions to amend or to join parties. (See Doc. 8, Ricketts Decl., Ex. 8, Scheduling Ord. ¶ 7). Presumably, that deadline also applies to discovery motions, so I conclude that Hahn's motion was timely filed.

Roark points out that under this Court's local rules, a motion to compel discovery must be filed prior to the close of the discovery period. See LR 37.1(B), NDGa. That rule also states, however, that the Court may set a different deadline for discovery motions. See id. ("Unless otherwise ordered by the court . . ."). Thus, even assuming that LR 37.1(B) applies here, the California court's scheduling order trumps the deadline set forth in the rule.

### B.     Roark served proper objections to the subpoenas.

Hahn asserts that Roark failed to properly object to the subpoenas, but I conclude that the objections set forth in Roark's January 3, 2014, letter were sufficient. (See generally Doc. 2, Restis Decl., Exh. 6). Hahn argues that these objections were mere boilerplate, but a close reading of the letter shows that Roark actually explained the basis for each of its objections in detail. (See id.). I also reject Hahn's argument that the objections were overly general, since Roark specified which objection applied to which discovery request. Finally, Roark did not have to file a motion to quash the subpoenas; Rule 45 states that a non-party may resist production simply by objecting. Fed.R.Civ.P. 45(d)(2)(B). It is then the serving party's burden to move for a court order compelling production or inspection. Id.

### C.     The discovery sought by Hahn is not relevant to any of the claims or defenses in the California litigation.

Having dispensed with preliminary matters, I now turn to the key issue presented by the motion: whether the documents and deposition testimony that Hahn is seeking fall within the legitimate scope of discovery. Under Federal Rule of Civil Procedure 26, a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The requested discovery "need

5

not be admissible at the trial," but must be "reasonably calculated to lead to the discovery of admissible evidence." Id.

Hahn has offered shifting theories as to why the documents that she is seeking from Roark are relevant. Initially, she argued that she needed to use those documents to calculate the amount of money that Massage Envy had saved by refusing to allow customers to redeem their unused massages. (See Doc. 1-1, Memorandum of Law at 20-22). She acknowledged at the hearing, however, that she already has obtained sufficient financial information from Massage Envy and does not need to review the numbers in the Roark documents. Hahn now states that she wants to review the Roark documents to see if they can shed any light on the motivation and purpose behind the unused-benefits clause. (See Doc. 12, Reply at 5-6). However, I am unpersuaded that this information is relevant to the California case.

As an initial matter, I note that there is no reason to believe that Roark even has documents that describe the purpose of the unused-benefits clause. Hahn has asked Massage Envy for all documents and data related to the purpose of the unused-benefits clause, and has been told that no such documents exist. (See Doc. 12 at 6-8). If Massage Envy does not have any responsive documents, there is no reason to believe

6

that Roark would be able to produce information, especially since Roark did not acquire Massage Envy until several years after the unused-benefits clause was drafted.

Also, even if Roark does possess documents that describe Massage Envy's motives, Hahn has not demonstrated that such documents would be relevant to the California litigation.  As noted above, Hahn is asserting a claim under the UCL.  That statute prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.  "Each of these three adjectives [unlawful, unfair or fraudulent] captures a separate and distinct theory of liability." Rubio v. Capital One Bank, 613 F.3d 1195, 1203 (9th Cir.2010) (internal quotation marks omitted).  Here, the District Court has certified a claim under the "unlawful" prong.  To prevail on that claim, Hahn must show that the unused-benefits clauses violate some provision of federal, state, or local law. Aleksick v. 7-Eleven, Inc., 205 Cal.App.4th 1176, 1185, 140 Cal.Rptr.3d 796, 801 (2012); Perea v. Walgreen Co., 939 F.Supp.2d 1026, 1040 (C.D. Cal. 2013).  Hahn has identified three California statutes that might fit the bill: (1) Cal.Civ.Code § 1442, which states that a "condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created;" (2) Cal.Civ.Code § 1670.5, which states that unconscionable contracts are unenforceable; and (3) Cal.Civ.Code § 1671, which makes

some liquidated damages clauses unenforceable when included in consumer contracts. (See Doc. 1, Exh. D, Complaint).

Evidence of the purpose or motivation behind the unused-benefits clause will not help Hahn prove a violation of any of those three statutes. Cal.Civ.Code § 1442 merely states a rule of construction; it does not require any consideration of the motives behind the contract terms.[2]  Similarly, an unconcionability claim under Cal.Civ.Code § 1670.5 focuses on the procedures used to make the contract and on the substantive terms of the contract, not on the reasons why a particular term was included.  See Graham v. Bank of America, N.A., 226 Cal.App.4th 594, 616, 172 Cal.Rptr.3d 218, 236 (2014) (discussing the elements of an unconscionability claim).

Hahn comes closer to showing relevancy with respect to her claim under Cal.Civ.Code § 1671, but she still falls short.  Section 1671 restricts the use of liquidated damages clauses in consumer contracts. Cal.Civ.Code § 1671(c), (d).

---

[2]The case cited by Hahn, MacDonald Properties, Inc. v. Bel-Air Country Club, 72 Cal.App.3d 693, 140 Cal.Rptr. 367 (1977), is distinguishable. The issue in that case was whether changed conditions rendered the enforcement of a restrictive covenant inequitable. Id. at 699-701. To determine if conditions had changed, the court necessarily had to consider the original purpose of the restrictive covenant. See id. at 701. The court did briefly mention § 1442, but only to explain why it was treating the restriction as a covenant rather than as a condition subsequent subject to a right of reentry. See id. at 699. MacDonald Properties does not hold that evidence of motive or purpose is relevant to a claim under § 1442.

"Decisions interpreting this statute have created a two-part test for determining whether a liquidated damages provision is valid: (1) fixing the amount of actual damages must be impracticable or extremely difficult, and (2) the amount selected must represent a reasonable endeavor to estimate fair compensation for the loss sustained." In re Cellphone Termination Fee Cases, 193 Cal.App.4th 298, 322; 122 Cal.Rptr.3d 726, 747 (2011). In determining whether the parties have made a "reasonable endeavor" to fix the amount of damages, courts can consider evidence about the parties' motivation and purpose. Id. Thus, the type of evidence that Hahn is seeking would ordinarily be relevant to a § 1671 claim.

In this case, however, Massage Envy already has admitted that it did not make any attempt to estimate the losses that it would have suffered as a result of former customers redeeming their unused massages. See Hahn v. Massage Envy, No. 3:12-cv-153-DMS-BGS, Doc. 183, Restis Decl., Exh. 34 at 2 (S.D. Cal. 2014). Massage Envy has essentially conceded that it cannot meet the two-part test; the only disputed issue on the § 1671 claim is whether or not the unused-benefits clause should be viewed as a liquidated damages clause in the first place. Hahn does not need the discovery that she is requesting from Roark in order to prove her § 1671 claim. Accordingly, I

9

conclude that the subpoenaed documents are not relevant to Hahn's liquidated damages claim.

Hahn suggested during the hearing that the subpoenaed documents might help to support her claims for equitable relief, but, once again, I do not see the relevance of the documents that she is requesting.  The primary form of relief under the UCL is an award of restitution.  Graham, 226 Cal.App.4th at 609-10, 172 Cal. Rptr.3d at 231; see Cal. Bus. & Prof. Code § 17203.  Restitution is calculated by determining the mount of money that the defendant gained from the plaintiff as a result of the unlawful actions. People v. Beaumont Inv., Ltd., 111 Cal.App.4th 102, 134-35, 3 Cal.Rptr.3d 429, 455 (2003).  The motive or purpose behind the defendant's conduct does not come into consideration.  Massage Envy's motivation also does not appear to be relevant to Hahn's requests for an injunction or for other forms of equitable relief.  Because Hahn has not established that the Roark documents are relevant, I will not order Roark to comply with her requests for production.

I also will not compel Field or Lee to sit for depositions.  Both of those individuals hold high positions in Roark's corporate structure.  (See Doc. 7, Aronson Decl., ¶ 8) (identifying Field as a Managing Director, and Lee as a Principal).  As a general matter, a party may not take the deposition of a high-level corporate executive

if the executive lacks unique knowledge of the facts of the case and the party has not first exhausted other, less intrusive avenues for obtaining the same information. See Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979) (upholding district court order requiring plaintiff to take deposition of lower-level corporate officials before deposing the defendant's Chief Executive Officer); Thomas v. Int'l Bus. Machs., 48 F.3d 478, 483-84 (10th Cir. 1995) (district court did not abuse its discretion by preventing plaintiff from taking the deposition of corporate chairman who had no personal knowledge relevant to plaintiff's age discrimination claim).  Here, Hahn has not argued that Lee or Field have any unique knowledge about the unused-benefits clause.  She already has had an opportunity to conduct Rule 30(b)(6) depositions of Massage Envy's corporate officers and could have asked them any questions that she wished about the change in membership terms.  (See Doc. 8, Ricketts Decl. ¶¶ 23-29).  Therefore, I decline to enforce the deposition subpoenas.

## III.   Conclusion

After a thorough review of the parties' arguments, I conclude that the documents that Hahn is seeking from Roark are not relevant to any of the claims or defenses in the California litigation.  I also decline to enforce the depositions subpoenas for Field and Lee because those high-ranking executives do not have unique knowledge of the facts

11

of this case, and she already had an opportunity to question other corporate officers about all of the issues involved in this litigation. Hahn's motion to enforce the subpoenas (Doc. 1) is **DENIED**. Each party will bear its own costs and attorney's fees. Hahn's motion for oral argument (Doc. 15) is **GRANTED**.

    IT IS SO ORDERED this 18th day of July, 2014.

                                                      */s/ Gerrilyn G. Brill*
                                                      GERRILYN G. BRILL
                                                      UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)